O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KRYGOWSKI,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>        Defendant. | CASE NO. ED CV 10-01709 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

       Plaintiff Thomas Krygowski contends that the Social Security Commissioner wrongly denied his claim for disability benefits. Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding that he did not have a severe mental impairment and in determining that he could perform his past relevant work. The Court agrees, as explained below.

       Plaintiff first argues that the ALJ erred in determining that Plaintiff did not have a severe mental impairment between his alleged onset date, May 15, 1998, and his date last insured, December 31, 2003 (the "Eligibility Period"). Plaintiff's failure to seek mental health treatment until well after his Eligibility Period complicates his claim. Nevertheless, since 2008 he has been diagnosed with anxiety disorder, depressive disorder, and post-traumatic stress disorder. (AR 1145, 1154, 1139-40, 1167.) Plaintiff's treatments have included psychotropic medications and therapy. Plaintiff's psychiatrist, Dr. Otero,

1  signed an impairment questionnaire stating that Plaintiff suffers from intrusive thoughts,
2  social withdrawal, delusions, difficulty thinking, and persistent anxiety, among other
3  things. (AR 1168-69.) Dr. Otero opined that Plaintiff had marked limitations in numerous
4  functional areas, including the abilities to carry out detailed instructions, maintain attention
5  and concentration for extended periods, perform activities within a schedule, maintain
6  regular attendance, work with others, make simple work-related decisions, and respond
7  appropriately to changes in a work setting. (AR 1170-72.) Dr. Otero believed that
8  Plaintiff's post-traumatic stress disorder "is so severe that it is disrupting [his] ability to
9  work," and believed it would cause Plaintiff to be absent from work more than three times
10 per month. (AR 1173-74.) Dr. Otero wrote that his "description of symptoms and
11 limitations in the questionnaire" applied as early as the "early 70's." (AR 1174.) Other
12 evidence also suggests that Plaintiff experienced psychiatric symptoms prior to his alleged
13 onset date. (AR 1150 (noting in 2008 that Plaintiff has experienced nightmares and
14 hypervigilance "for at least the last 10 years").)

15       The ALJ rejected Dr. Otero's opinion and found that Plaintiff did not have a
16 severe mental impairment during the Eligibility Period. An ALJ may discredit a treating
17 physician's opinion by providing specific and legitimate reasons for doing so. *Batson v.*
18 *Commissioner*, 359 F.3d 1190, 1194-95 (9th Cir. 2004). Here, the ALJ provided no such
19 reasons for rejecting Dr. Otero's opinion. First, there is no evidence supporting the ALJ's
20 assertion that Dr. Otero's "form appears to have been completed as an accommodation to
21 [Plaintiff]." (AR 19.) *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("The
22 Secretary may not assume that doctors routinely lie in order to help their patients collect
23 disability benefits.") (internal quotation marks and citation omitted). The ALJ's next
24 reason, that the form "included only conclusions regarding functional limitations without
25 any rationale for those conclusions," is also belied by the evidence. Dr. Otero noted many
26 clinical findings—including personality change, mood disturbance, emotional lability,
27 delusions or hallucinations, anhedonia, psychomotor agitation or retardation, difficulty
28 concentrating, perceptual disturbances, social withdrawal, "[i]ntrusive recollections of a

traumatic experience," and persistent anxiety—that supported his conclusions. (AR 1168.) The ALJ also noted that Plaintiff "had been treated for only a few months when this form was completed." (AR 19.) Although the ALJ may consider the length a claimant's relationship with a treating physician, this is not a legitimate reason to reject the only opinion of record as to Plaintiff's mental limitations from a treating physician. Moreover, Dr. Otero had been treating Plaintiff every two months for over one year when he rendered his opinion. (AR 1167.) Next, the ALJ asserted that Dr. Otero's "assessments are not supported by the medical evidence which showed the findings from the mental status examinations were generally unremarkable." (AR 19-20 (citing Exh. 16F [AR 1134-61]).) The ALJ's description of the mental status examinations is simply incorrect. The evidence cited by the ALJ documents, among other things, that Plaintiff experienced nightmares, irritability, and difficulty concentrating; felt depressed and anxious; got angry quickly; had a tearful or constricted affect; was diagnosed with depressive disorder and anxiety disorder; was prescribed psychotropic medications; and attended group therapy sessions for patients with post-traumatic stress disorder. (AR 1134-56.) The ALJ's characterization of this evidence as "unremarkable" is not legitimate and does not undermine Dr. Otero's opinion. Similarly, this evidence makes clear that the ALJ greatly overstated his conclusion that Dr. Otero's opinion "is not supported by any objective evidence." (AR 20.)

In sum, the ALJ did not provide legally sufficient reasons for rejecting Dr. Otero's opinion. The court acknowledges the difficulty in evaluating retrospective diagnoses, *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) ("After-the-fact psychiatric diagnoses are notoriously unreliable."), but the Ninth Circuit has confirmed that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Lester*, 81 F.3d at 832 (internal quotations marks an citation omitted). Accordingly, if the ALJ determines on remand that Plaintiff suffers from a severe mental impairment, he must call a medical expert to determine whether the onset date precedes Plaintiff's Eligibility Period, and, if so, reassess Plaintiff's residual functional capacity. *See DeLorme v. Sullivan*, 924 F.2d 841 (9th Cir. 1991) ("In

the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, [Social Security Ruling] 83–20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.").

Plaintiff next argues that the ALJ erred in determining that he could perform his past relevant work as a restaurant owner/manager by improperly segregating the duties of his past relevant work into the exertionally light occupation of restaurant manager and the exertionally medium occupation of cook. (*See* AR 182.) The Court agrees. Plaintiff testified that he owned a "small neighborhood restaurant" and worked 85 hours per week, doing "everything" "[f]rom the soup to nuts." (AR 29-30.) The vocational expert classified Plaintiff's prior work as a "combination job" described by two different sections of the DICTIONARY OF OCCUPATIONAL TITLES. (*See* AR 42, 182.) The vocational expert then testified that a hypothetical individual with Plaintiff's limitations could perform the occupation of restaurant manager as it is generally performed. (AR 42-43.) Thus, in determining that Plaintiff could perform this occupation, the ALJ ignored the substantial non-managerial aspects of Plaintiff's prior work. "It is error for the ALJ to classify an occupation 'according to the least demanding function.'" *Carmickle v. Commissioner*, 533 F.3d 1155, 1166 (9th Cir. 2008) (holding that the ALJ erred in determining that a claimant's had prior work as a construction supervisor where "[o]nly 20 percent of [his] duties . . . involved supervision. The remainder of his time was spent performing manual labor. Yet the [vocational expert's] classification, which the ALJ accepted, was a purely supervisory position."). On remand, the ALJ must consider Plaintiff's past relevant work as a whole, and proceed to step five if necessary.

///
///
///
///

In accordance with the foregoing, the decision is reversed. The matter is remanded to the Commissioner, who shall properly assess Dr. Otero's opinion and otherwise proceed as appropriate.

IT IS SO ORDERED.

DATED: December 9, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE